HON. JUDGE BENNETT, District Judge,
sitting in place of MR. JUSTICE HUNT, dissenting:
Because I cannot agree with the conclusion reached as to the first question, I must respectfully dissent.
The majority opinion appears to turn on this sentence: “Our review of the record demonstrates that this is not a case in which two causes concurred or might have concurred to bring about the condition of the patient and in which either of them operating alone would have been sufficient to cause the identical result.” My review of the record compels a contrary conclusion. The attending physician, Dr. Mungas, testified he believed “cardiac arrhythmia” was “the most possible of all the possibilities” of the cause of injury. He elaborated by speculating that what was possible was that the car *324 diac arrhythmia momentarily caused deficient cardiac output which would result in inadequate cerebral perfusion. This would have occurred simultaneously or shortly after the removal of the catheter, he said. I take it this would be described as either a stroke or vascular incident. He was asked the following question by defense counsel and gave the following response:
“Q (By Mr. Ugrin) Are there any factors in your general knowledge of Mrs. Juedeman that would predispose her or make her a high risk candidate for stroke or vascular incident?
“A She is elderly. She is diabetic. Diabetics have accelerated development of atherosclerosis. Atherosclerosis is one of the more common causes of stroke. She has hypertension, which is one of the predisposing causes of stroke. And she has atherosclerotic heart disease manifested by a previous history of congestive heart failure. And if I remember right, she has had some problems with tachycardia in the past, which is a manifestation of atherosclerotic heart disease. So all of these things I would say might predispose her to having a stroke: her age, diabetes, hypertension and heart disease.”
This testimony placed the factual question of concurrency squarely and unavoidably before the jury, regardless of whether the court chose to recognize the legal question. Apparently counsel for neither plaintiff nor defendant got around to asking any witness to reach a specific ultimate conclusion that there were or were not concurrent causes. But the jury, hearing the above testimony, was most certainly entitled to consider whether the patient’s predisposition might have concurred with the catheter extraction to cause the result, or whether either factor, operating alone, could have caused the result.
The plaintiff contended the negligent removal of the catheter caused the stroke and, ultimately, the death of the deceased. The defendant contended she died of old age, diabetes, atherosclerosis, hypertension and heart disease, but not the removal of the catheter. The question becomes, then, whether the advancing of discrete theories of causation should preclude consideration by the jury of concurrent causation. To require the plaintiff to plead concurrent causation at the risk of being deprived of a concurrent causation instruction would be a return to the inane nicety of common law pleading. To in effect direct the jury to ignore the testimony suggesting a possible connection between the baneful pre-existing condition and the trauma from the catheter removal is to detach the trial from reality. To prohibit the plaintiff from arguing that the *325 concededly discreet causes contended for by the parties could have united to cause the injury forces him to present half his case to an utterly confused jury. It is such legal strangulation of common understanding that gives the law a bad name and demeans its credibility.
Under Section 434 of the Restatement of Torts, 2nd, cited in the majority opinion, the court is required to determine “whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff.” It is, then, the proper function of the court to decide whether to give a “substantial factor” instruction. The decision is to be made on the evidence and the facts, not on the pleadings, not on the trial format, not on the primary contentions of the parties. No estoppel on the basis of what the court may see as the primary contentions is contemplated. This court is required to determine whether the evidence creates a causation issue upon which jurors may reasonably disagree. Certainly in this case there was evidence upon which the jury could reasonably disagree as to whether the alleged negligent catheter removal was a substantial cause of the injury (stroke) and death.
In making its decision as to whether substantial cause is an issue, the trial court should apply Section 433 of the Restatement (see comment “a” to that section). The section provides:
“The following considerations are in themselves or in combination with one another important in determining whether the actor’s conduct is a substantial factor in bringing harm to another:
“(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
“(b) whether the actor’s conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
“(c) lapse of time.
Here, as to Subsection (a), the number of factors, other than the catheter removal, which could have caused the harm were numerous, indeed they were detailed and vehemently argued by the defendant, as noted. It was in fact testified to and argued that these factors alone may have caused the injury. As to Subsection (b), on the evidence presented, the jury could reasonably differ as to whether the defendant set in motion a force or series of forces which continued in operation up to the time of the harm and ultimately caused the *326 harm. And certainly the lapses of time between (1) the extraction and the stroke and (2) the stroke and the death are small enough to create a clear question of concurrency. The three factors for determination of a substantial factor question mandated consideration of that question by the jury.
The “substantial factor” or “legal cause” instruction offered by plaintiff in this case should have been given, and it should have been accompanied by Section 433 of the Restatement, or its equivalent, as set forth above, as well as by Section 432 of the Restatement, or its equivalent, which provides:
“(1) Except as stated in Subsection (2), the actor’s negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent.
“(2) If two forces are actively operating, one because of the actor’s negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor’s negligence may be found to be a substantial factor in bringing it about.”
In my view none of these instructions should be given without the other. Together they provide a composite instruction to definitively guide a jury in any case where the facts will reasonably permit a conclusion that the injury was the result of concurrent causes.